UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DELIA BIBAR HOUPT,<br><br>                  Plaintiff,<br><br>     v.<br><br>NANCY A BERRYHILL,<br><br>                  Defendant. | CASE NO. C17-5251-MJP<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

THIS MATTER comes before the Court on Plaintiff Delia Houpt's request for review of the Social Security Commissioner's denial of her application for benefits. Having reviewed the Opening Brief (Dkt. No. 16), the Response (Dkt. No. 17), the Reply (Dkt. No. 20) and the Administrative Record, the Court REVERSES the Commissioner's decision and REMANDS with instructions to find Plaintiff disabled.

**Background**

Plaintiff Delia Houpt seeks review of the denial of her application for Social Security Disability Insurance ("SSDI") benefits. Plaintiff alleges disability based on complex partial seizures. Plaintiff is currently 50 years old, was born and raised in the Philippines, and speaks

only limited English. (AR 35.) Her only prior work in the United States was as an unskilled helper in a bakery around 1996-1997. (AR 36, 1082-1084.) Plaintiff claims she began suffering seizures in 1993, and was terminated from her job as a result. (AR 1084.) She claims an onset date of July 1, 1997 and a last insured date of September 30, 1997. (AR 848.)

Plaintiff applied for benefits in 2012. (AR 14.) Her application was denied initially and on reconsideration. (Id.) The ALJ conducted a hearing in 2013 (the "2013 Hearing"), and found Plaintiff not disabled. (Id. at 11-26.) After Plaintiff appealed to this Court, the Commissioner agreed to remand the case for a new hearing. (AR 892, 913-914.) The ALJ conducted another hearing in 2016 (the "2016 Hearing"), where Plaintiff appeared with an attorney representative and testified through an interpreter. (AR 1076-1086.) In reaching his decision, the ALJ considered testimony by Medical Experts ("ME"), a Vocational Expert ("VE"), and lay witnesses.

**The ALJ's Decision**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

- Plaintiff did not engage in substantial gainful activity during the period between her alleged onset date and date last insured;
- Through the date last insured, Plaintiff had the following severe impairment: complex partial seizures;
- Plaintiff's impairment did not meet or medically equal the severity of listing 11.02 (epilepsy);
- Plaintiff had the residential functional capacity ("RFC") to perform routine or learned light work, defined in 20 C.F.R. 404.1567(b) as "lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking six hours in an eight-hour workday, and sitting about six hours in an eight-hour workday." However, the ALJ found that Plaintiff could not "climb ladders, work at heights, work near hazards, with dangerous machinery, sharp instruments or power tools, should not balance or operate vehicles, work in deep water, or with live electrical currents or wiring," and that Plaintiff should not "be required to make urgent, timely

---

[1] 20 C.F.R. §§ 416.920, 416.935.

|   |   |
|---|---|
| 1 | communication in English, . . . perform security work, or have more than brief superficial contact with the general public." |
| 2 | • Through the date last insured, Plaintiff was unable to perform past relevant work; |
| 3 | • Through the date last insured, Plaintiff was able to perform other work which existed in significant numbers in the national economy, including "assembler of electrical accessories" (DOT 729.687-010), "inspector and hand packager" (DOT 559.687-074), and "cleaner" (DOT 704.687-010). |
| 4 |  |
| 5 | (AR 846-857.) |

### Discussion

Plaintiff argues that the ALJ erred in finding her not disabled, and requests that the Court reverse and remand with instructions that she be found disabled as of the alleged onset date. Plaintiff raises the following questions concerning the ALJ's findings: (1) whether the ALJ reasonably evaluated the medical opinion evidence regarding her seizure disorder; (2) whether the ALJ reasonably considered lay witness evidence; and (3) whether the ALJ reasonably relied on the VE's testimony at step five. (Id.) The Commissioner responds that the ALJ did not err in denying benefits, as Plaintiff failed to provide evidence of the nature, extent, and frequency of her seizures, and thereby failed to establish that she was disabled between her alleged onset date and date last insured. (Dkt. No. 17.) The Commissioner contends the ALJ reasonably evaluated the MEs' and VE's testimony and the lay witness evidence. (Dkt. No. 16.)

I. **Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in his evaluation of medical evidence. (Dkt. No. 16 at 7-10.) Specifically, she contends that the ALJ should not have given reduced weight to the opinions of the examining doctors regarding her need for a travel companion and should not have adopted an RFC inconsistent with their recommendations that standing and walking be limited to one hour each day. (Id.)

The opinion of an examining doctor is entitled to greater weight than the opinion of a non-examining doctor. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Where an examining doctor's opinion is contradicted by that of a non-examining doctor, the ALJ may reject the examining doctor's opinion only for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining doctor. Id. at 831.

Examining doctor Samuel E. Coor, D.O., opined in 2013 that Plaintiff could perform less than the full range of light work, and could stand and walk for one hour each day. (AR 834.) Examining doctor Kelvin Ma, M.D. similarly opined in 2016 that Plaintiff could perform less than the full range of light work, and could stand and walk for one hour each day. (AR 1056.) Both Dr. Coor and Dr. Ma opined that, due to the unpredictability of her seizures, she could not travel without a companion for assistance. (AR 838, 1060.) The opinions of both examining doctors were consistent with medical records showing the unpredictability of Plaintiff's seizures, and with the opinion of non-examining doctor William Rack, M.D., who testified in 2013 that Plaintiff could not travel without a companion for assistance. (AR 54, 853.) Yet, at the 2016 Hearing, non-examining doctor Stephen Genest, M.D. opined that Plaintiff did not require a companion. (AR 852, 854.) In particular, Dr. Genest opined that whether she required a companion would depend upon "the frequency of the seizures," and that he would advise a patient who suffered from more than one seizure per week to avoid traveling without a companion. (AR 1096-1098.) Dr. Genest noted that he was unable to estimate the frequency of Plaintiff's seizures, in part due to the fact that Plaintiff loses consciousness and cannot recall

when she suffers a seizure. (AR 1096.) On this point, Dr. Genest acknowledged that Plaintiff "could have a seizure and would not even be aware of it." (Id.)

Overall, the ALJ gave great weight to the opinions of Drs. Coor, Ma, and Genest. (AR 852-854.) However, the ALJ gave only little weight Drs. Coor and Ma's opinions that Plaintiff would have required a travel companion before her date last insured. (Id.) While the ALJ explained that "the available records prior to September 30, 1997 do not demonstrate a need for a travel companion" (AR 854), these records do not appear to demonstrate a need for *any* of the seizure precautions recommended by the examining and non-examining doctors and reasonably adopted by the ALJ in his findings (e.g., to avoid climbing ladders, working at heights or near hazards, etc.). The ALJ's selective reliance upon only certain testimony and records does not suggest a rational weighing and interpretation of the medical evidence, and the ALJ does not provide a legitimate reason for accepting some parts of the examining doctors' opinions while rejecting others. Additionally, the ALJ failed to provide "specific and legitimate reasons" for adopting an RFC limiting standing and walking to six hours in an eight-hour work day, when Drs. Coor and Ma both limited standing and walking to one hour each day. (AR 834, 1056.)

The Court finds that the ALJ erred in assigning an RFC that did not require Plaintiff to travel with a companion for assistance and did not limit standing and walking to one hour.

## II. ALJ's Evaluation of Lay Witness Evidence

Plaintiff contends that the ALJ improperly rejected lay witness testimony. (Dkt. No. 16 at 10-13.)

Lay witness testimony regarding a claimant's symptoms or how an impairment affects a claimant's ability to work "is competent evidence that an ALJ must take into account, unless he

1 or she expressly determines to disregard such testimony and gives reasons germane to each
2 witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

At the 2013 Hearing, the ALJ considered testimony by Plaintiff's husband and longtime friend. Both stated that she suffered from seizures in 1997. (AR 65-78; 247-253.) Plaintiff's husband stated that he could not remember the frequency of her seizures at that time, but that "at least six or seven times" during one year, Plaintiff was taken from work in an ambulance. (AR 70.) He stated that there had been no material change in her condition since 1997. (AR 72.) Plaintiff's friend testified that Plaintiff has suffered from seizures since 1994, and that she continues to suffer from them frequently. (AR 855.) The ALJ found that both statements had "very little probative value," because neither witness was "medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of the claimant's seizure episodes." (AR 855.) Further, the ALJ stated that neither witness was "disinterested" and that "by virtue of the relationship as a friend or spouse," they had a "natural tendency to agree with the symptoms and limitations" alleged by Plaintiff. (Id.) Finally, the ALJ stated that both statements were inconsistent with the opinions and observations of the MEs. (Id.)

The Court finds that the ALJ erred in discounting the lay witnesses' testimony. The Commissioner concedes that the first two reasons given by the ALJ (i.e., that the witnesses were not medically trained or disinterested) are not legally valid or "germane reasons" for rejecting their statements. (Dkt. No. 17 at 12-13.) As to the third reason, while inconsistency between the witnesses' statements and the medical evidence in the record could conceivably constitute a "germane reason," the ALJ did not identify a single alleged "inconsistency," but rather discounted their testimony in its entirety.

1    The Court finds that the ALJ erred in rejecting the testimony of Plaintiff's husband and
2    friend concerning her symptoms and their effect on her ability to work.

**III.    ALJ's Evaluation of Vocational Expert Testimony**

Plaintiff contends that the ALJ improperly failed to ask the VE whether her testimony conflicted with the Dictionary of Occupational Titles ("DOT") and improperly testified to the aggregate number of jobs available in several occupations in the national economy, rather than identifying the number of jobs available within each occupational category.

**a.    Conflict Between VE's Testimony and DOT**

An ALJ has an "affirmative responsibility" to ask about any possible conflict between a VE's testimony and information provided in the DOT. See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). In the Order of the Appeals Council remanding this case to the ALJ, the Administrative Appeals Judge specifically directed the ALJ to "identify and resolve any conflicts between the occupational evidence provided by the [VE] and information in the [DOT] and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p)." (AR 914.) The ALJ failed to do so. While the Commissioner argues that the ALJ's failure to do so was harmless, and that the ALJ need only ask about conflicts "when there is an apparent unresolved conflict between the DOT and the [VE]'s testimony," (Dkt. No. 17 at 15) remand orders, whether from this Court or from the Appeals Council, are meant to result in meaningful consideration.

The Court finds that the ALJ's failure to comply with an express directive of the Appeals Council resulted in a less-than-fully developed record, and was not harmless error.

### b. VE's Testimony Concerning Number of Jobs in National Economy

The Ninth Circuit has observed that "[o]ccupation is a broad term that includes the collective description of numerous jobs and lists maximum requirements of the jobs as generally performed." Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016) (internal quotation marks omitted). Accordingly, this Court previously has declined to require an ALJ to identify the number of discrete jobs available within each occupation before determining that work exists in the national economy. See Vandevoort v. Berryhill, Case No. 16-5493DWC, 2017 WL 413203, at *8 (W.D. Wash. Jan. 31, 2017) ("Plaintiff argues the [VE] improperly testified to the aggregate number of assembly jobs available in several discrete occupations . . . Plaintiff argues this was improper, as 20 C.F.R. § 404.1566(b) requires a [VE] to state the number of available jobs for each individual occupation, rather than discussing them in aggregate. The Court is not persuaded by Plaintiff's argument."). The Court finds that the ALJ did not err in failing to identify the number of discrete jobs available for Plaintiff.

## IV. Remand for Award of Benefits

Plaintiff requests that the Court reverse and remand with instructions that she be found disabled as of the alleged onset date. (Dkt. No. 16 at 16.) The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). The Court finds that these conditions are satisfied.

  Were the ALJ to have properly credited the opinions of the examining doctors, he should have assessed an RFC limiting Plaintiff to sitting and standing no more than one hour in an eight-hour workday and traveling with a companion for assistance. Were the ALJ to have properly credited the VE's statements concerning the need for a travel companion, he should have found Plaintiff unable to work at step five. As the VE stated at the 2016 Hearing, if an individual requiring a travel companion is unable to secure reliable transportation and is "absent on an unscheduled basis at least one day a month," "an employer would not be willing to provide accommodations, in particular if absences were on short notices, even if they were for medical appointments or due to illness." (AR 1119-1120.) While the Commissioner argues that access to and from work is "beyond the scope of a Social Security disability determination" and should not be included in an RFC assessment (Dkt. No. 17 at 8), the Court finds that Plaintiff's ability to reliably show up to work, and to perform her work without suffering unexpected seizures, is undoubtedly determinative of her ability to perform the demands of a job. The record leads this Court to conclude that Plaintiff's seizures are disabling, and that Plaintiff is entitled to SSDI benefits.

## Conclusion

  Having found that the ALJ erred in finding Plaintiff not disabled, the Court recommends that the Commissioner's decision be REVERSED and this case REMANDED. On remand, the ALJ should find that Plaintiff was under a disability, as defined in the Social Security Act, from July 1, 1997 through September 30, 1997, and is entitled to benefits under Title II.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 27, 2018.

*Marsha J. Pechman* (signature)
Marsha J. Pechman
United States District Judge