1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10    DELIA BIBAR HOUPT,                         CASE NO. C17-5251-MJP

11                        Plaintiff,            ORDER GRANTING IN PART
                                                MOTION TO ALTER OR AMEND
12           v.                                 JUDGMENT

13    NANCY A. BERRYHILL, Acting
      Commissioner of Social Security,

14
                          Defendant.
15

16           THIS MATTER comes before the Court on Defendant's Motion to Alter or Amend

17    Judgment Pursuant to Federal Rule of Civil Procedure 59(e).  (Dkt. No. 23.)  Having considered

18    the Motion, the Response (Dkt. No. 24) and all related papers, the Court GRANTS IN PART the

19    Motion.

20                                        **Background**

21           In February 2018, the Court entered judgment reversing the denial of Plaintiff's

22    application for Social Security Disability Insurance ("SSDI") benefits and remanding for

23    calculation of an award of benefits.  (Dkt. No. 21.)  Defendant contends that the Court erred by

24

1 (1) failing to defer to the Administrative Law Judge's (ALJ) interpretation of the medical

2 evidence and lay testimony; (2) finding the ALJ's failure to question the vocational expert (VE)

3 about conflicts with the Dictionary of Occupational Titles (DOT) was harmful; and (3)

4 erroneously applying the credit-as-true rule in determining the scope of remand.  (Dkt. No. 23.)

5 **Discussion**

6 The Court may alter or amend a judgment under Rule 59(e) where it has committed clear

7 error.  See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  Rule 59(e) provides an

8 extraordinary remedy that should be used sparingly in the interests of finality and conservation of

9 judicial resources.  Id.

10 First, Defendant contends that "[t]he court committed clear error by faulting the ALJ for

11 adopting the testimony of Dr. Genest over the opinions of Drs. Coor, Ma and Rack."  (Dkt. No.

12 23 at 2.)  This contention was previously raised by Defendant and rejected by the Court.  (See

13 Dkt. Nos. 17, 21.)  In any event, the Court finds it unavailing.  The ALJ committed reversible

14 error when he adopted an RFC that was inconsistent with the limitations set forth by Drs. Coor

15 and Ma, whose opinions he accorded great weight.  Drs. Coor and Ma each opined that Plaintiff

16 could stand and walk for two hours in an eight hour day.  (AR 853, 854.)  Despite according

17 these opinions great weight, the ALJ adopted an RFC limiting standing and walking to six hours

18 in an eight hour day.  (AR 850.)  This error was harmful because the ALJ found Plaintiff not

19 disabled without accounting for the two hour standing and walking limitation.  Further,

20 Defendant's contention that the ALJ properly gave more weight to Dr. Genest's opinion is

21 unfounded.  Dr. Genest is a non-examining physician and as such, his opinion by itself cannot

22 constitute substantial evidence that justifies the rejection of the opinion of examining physicians

23

24

1  such as Drs. Coor and Ma. <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990); <u>Gallant v.</u>

2  <u>Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

3  Second, Defendant contends the Court "committed clear error in reviewing the lay

4  testimony." (Dkt. No. 23 at 6.) This contention also was previously raised and rejected by the

5  Court. Defendant claims the testimony given by Plaintiff's husband and friend "did not describe

6  any limitations not already described by Plaintiff," and that the Court did not review the ALJ's

7  weighing of the lay testimony under a harmless error standard. (<u>Id.</u> at 7-8.) This contention is

8  unavailing. Plaintiff's husband provided important evidence of the frequency of Plaintiff's

9  seizures during the critical period, evidence which was not provided by Plaintiff and otherwise

10  does not appear clearly in the record. (<u>See</u> AR 67-72.) The ALJ mischaracterized this evidence,

11  and stated that "Mr. Houpt . . . could not remember the frequency of [Plaintiff's] seizures in

12  1997." (AR 854.) While it is true that Mr. Houpt could not specify the exact number of seizures

13  Plaintiff suffered during the critical period, he testified that that Plaintiff could go only "three or

14  four days without [a seizure]," that she had "not really" gone "any lengthy periods of time"

15  without having a seizure, and that her condition had not changed materially since the critical

16  period. (AR 67-68, 71.) Similarly, Plaintiff's friend stated that she has known Plaintiff since

17  1994, and that "since I have known [Plaintiff] she has had seizures." (AR 1046.) Thus, the

18  ALJ's rejection of the lay testimony constituted error as a matter of law and was not harmless.

19  <u>Stout v. Comm'r, Social Sec. Admin.</u>, 454 F.3d 1050, 1056 (9th Cir. 2006).

20  Third, Defendant contends that the Court erred "by finding the ALJ's failure to ask the

21  VE about any conflict was harmful error." (Dkt. No. 23 at 8.) Because the ALJ harmfully erred

22  in assessing the medical evidence and lay testimony, the matter must be remanded and the Court

23  need not address Defendant's arguments concerning the VE's testimony.

24

1       Fourth, Defendant contends that the Court erred in remanding the case with instructions

2 to calculate an award of benefits.  (Dkt. No. 23 at 9-12.)  The Court finds that there are

3 outstanding issues which must be resolved, and that the case should be remanded for further

4 administrative proceedings under sentence four of 42 U.S.C. § 405(g).

5                           **Conclusion**

6       The Court GRANTS IN PART Defendant's Motion to Alter or Amend Judgment, and

7 ORDERS:  This case is remanded for further administrative proceedings under sentence four of

8 42 U.S.C. § 405(g).  On remand, the ALJ shall apply the standing and walking limitations

9 identified by Drs. Coor and Ma in assessing Plaintiff's ability to work.  The ALJ shall reevaluate

10 the lay testimony and further develop the record regarding the frequency with which Plaintiff

11 suffered seizures during the critical period.  Based on the foregoing, the ALJ shall reevaluate

12 Plaintiff's RFC as needed and proceed to step five as appropriate.

13       The clerk is ordered to provide copies of this order to all counsel.

14       Dated June 18, 2018.

15

16                                  Marsha J. Pechman

17                                  United States District Judge

18

19

20

21

22

23

24